JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-01848 PA (KKx) | Date | September 9, 2020 |
|---|---|---|---|
| Title | Lorraine Walker v. United Ground Express, Inc., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant United Ground Express, Inc. ("UGE"). (Dkt. No. 1 ("Removal").) UGE asserts this Court has jurisdiction over the action brought against it by plaintiff Lorraine Walker ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, UGE must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

UGE does not allege the citizenship of defendant Lola Montoya. In an effort to establish the Court's diversity jurisdiction, UGE's Removal states that "removal based on diversity is appropriate because UGE - the only 'properly joined and served' defendant - is not a citizen of California." (Notice of Removal ¶ 12.) This is an incorrect statement of the law. "The Supreme Court has held that the citizenship of all defendants - both served and unserved - determines whether the complete diversity requirement has been met." Federal Ins. Co. v. Brasscraft Mfg. Co., 13-cv-08867, 2014 WL 545786, at

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 20-01848 PA (KKx) | Date | September 9, 2020 |
|---|---|---|---|
| Title | Lorraine Walker v. United Ground Express, Inc., et al. | | |

*3 (C.D. Cal. Feb. 10, 2014) (citing <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 541 (1993)).  Thus, UGE has failed to adequately allege the citizenship of defendant Lola Montoya.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  <u>Kanter</u>, 265 F.3d at 857; <u>Bradford v. Mitchell Bros. Truck Lines</u>, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, UGE's allegations as to defendant Lola Montoya's citizenship, are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, UGE has failed to satisfy its burden of showing that diversity jurisdiction exists over this action.  Accordingly, this action is hereby remanded to San Bernardino Superior Court, Case No. CIVDS2014491, for lack of subject matter jurisdiction.  <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.